## UNITED STATES *v.* CAREY & Another.

## UNITED STATES *v.* CAREY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF LOUISIANA.

Submitted December 12th, 1883.—Decided January 7th, 1884.

*Error—Exceptions—Evidence—Practice.*

When it appears that an exception to the rejection of evidence was taken after the trial was over, and at the time when the bill of exceptions was tendered for signature, it does not constitute a proper subject for assignment of error.

Petitions on distillers' bonds to recover taxes and penalties of the distillers and their sureties.

*Mr. Assistant Attorney-General Maury* for the United States.

*Mr. J. D. Rouse* and *Mr. William Grant* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The judgment in each of these cases was rendered after a trial by jury on the 17th of March, 1880, during the November term, 1879, although it was not signed until May 20th, 1880. On the 19th of May, 1880, which was at the April term of that year, the district judge who presided at the trial signed a bill of exceptions, which sets forth that on the trial the United States offered in evidence a document which was annexed and purported to be a copy of an assessment made by the Commissioner of Internal Revenue for May, 1875, to the introduction of which the defendants objected, and that, the objection was sustained. The bill of exceptions then proceeds as follows :

" To which ruling of the court plaintiff excepts, and tenders this his bill of exceptions, which is accordingly signed this 19th day of May, 1880."

The rule is well established and of long standing that an exception to be of any avail must be taken at the trial. It may be reduced to form and signed afterwards, but the fact that it was seasonably taken must appear affirmatively in the record by a bill of exceptions duly allowed or otherwise. *Phelps* v. *Mayer*, 15 How. 160; *United States* v. *Breitling*, 20 How. 252; *French* v. *Edwards*, 13 Wall. 506; *Stanton* v. *Embrey*, 93 U. S. 548; *Hunnicutt* v. *Peyton*, 102 U. S. 333. This clearly is not such a case. There is nothing whatever to indicate that any exception was taken to the rejection of the evidence complained of until the next term after the trial was over and the judgment rendered, though not signed. Even the liberal extension of the rule granted in *Simpson* v. *Dall*, 3 Wall. 460, is not enough to reach this defect. The language here implies an exception only at the time of tendering the bill of exceptions to be signed, which was not only long after the trial, but at a subsequent term of the court.

It follows that the errors assigned are not such as we can consider, and

*The judgments are affirmed.*