# BARRETT *v.* UNITED STATES (No. 2).

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF SOUTH CAROLINA.

No. 175.  Argued January 21, 1898.— Decided February 21, 1898.

It having been decided in *Barrett* v. *United States, ante,* 218, that the State of South Carolina constitutes but one judicial district, it follows that the indictment in this case was properly remitted to the next session of the District Court of that district.

THE case is stated in the opinion.

*Mr. Charles C. Lancaster* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an indictment for conspiracy under section 5440 of the Revised Statutes, found by the grand jury " in the Circuit Court of the United States for the District of South Carolina begun and holden at Columbia within and for the district aforesaid, on the fourth Monday of November, in the year of our Lord one thousand eight hundred and ninety-four," and on motion of the " United States attorney for the District of South Carolina," was by the Circuit Court, January 30, 1895, by order entered on its minutes, " remitted from the Circuit Court of the United States for the district of South Carolina to the district court of the United States for the western district of South Carolina."

At the February term, 1895, of the District Court held at Greenville, in the western district, the District Judge presiding, the defendant pleaded not guilty; the cause was tried, defendant was found guilty, and, thereupon, was sentenced to imprisonment and fine. From this judgment a writ of error was prosecuted to this court.

On the trial defendant raised certain objections presented by exceptions, which are enumerated in a bill of exceptions; by demurrer that the indictment was found in the eastern district of South Carolina, although the crime was charged to have been committed in the western district; by preliminary plea, "that the jurors of the grand jury by whom the indictment was found were drawn, summoned and empanelled from both the eastern and western districts of South Carolina, instead of from the western district of said State alone;" that the indictment was found in the circuit court of the United States for South Carolina, held in the city of Columbia, in the eastern district of said State, and was remitted to the district court for the western district of said State; by motion on the close of the testimony for the United States, "that the attorney for the United States be required to elect on which one of the conspiracies he would ask for a conviction," that is, of several distinct conspiracies, which the evidence tended to show; by motion in arrest that the grand jurors, who found the indictment, were drawn, summoned and empanelled from both the districts when the crime was charged to have been committed in one of them; that the indictment was found in the eastern district at a time when there was no law authorizing the "holding any court of the United States for the western district of South Carolina;" because the indictment was remitted "not to the district court of the United States for the eastern district of South Carolina, but to the district court of the western district of said State."

The court overruled all these objections, in whatever form presented, and defendant excepted.

Sections 817, 1037 and 1038 of the Revised Statutes are as follows:

"Sec. 817. The grand and petit jurors for the district

court, sitting in the western district of South Carolina, shall be drawn from the inhabitants of said district who are liable, according to the laws of said State, to do jury duty in the courts thereof; and all jurors shall be drawn during the sitting of the court for the next succeeding term."

"SEC. 1037. Whenever the district attorney deems it necessary, any circuit court may, by order entered on its minutes, remit any indictment pending therein to the next session of the district court of the same district, where the offence charged in the indictment is cognizable by the said district court. And in like manner any district court may remit to the next session of the circuit court of the same district any indictment pending in the said district court. . . .

"SEC. 1038. Any district court may, by order entered on its minutes, remit any indictment pending therein to the next session of the circuit court for the same district, when, in the opinion of such district court, difficult and important questions of law are involved in the case; and thereupon the proceedings in such case shall be the same in the circuit court as if such indictment had been originally found and presented therein."

No objection was raised that the petit jury by which defendant was tried was not, and it was conceded at the bar that it was, in fact, drawn from the inhabitants of the western district of the district of South Carolina, and no complaint is preferred in that regard.

We have just decided that the State of South Carolina constitutes but one judicial district, and, this being so, the indictment was properly remitted, in accordance with section 1037, to the next session of the district court of that district, begun and holden on the first Monday of February, 1895, in the western district of the district.

All other questions have been disposed of adversely to plaintiff in error in the preceding case.

*Judgment affirmed.*