## MATHESON *v.* UNITED STATES.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE FOURTH DIVISION OF THE TERRITORY OF ALASKA.

No. 148.—Submitted January 24, 1913.—Decided February 24, 1913.

Where the jurisdiction is coextensive with the district, multiplication of places at which courts may be held or mere creation of divisions does not nullify it. *Barrett* v. *United States*, 169 U. S. 231.

Jurors summoned by the District Judge in Alaska before the act of March 3, 1909, creating a Fourth Division, became effective, to attend the first term of the court in that division when the act did become effective, *held* properly summoned, as the act did not create a new tribunal or revoke the power of the District Judges to summon jurors to attend at any session of the court.

It is the duty of the judge to determine whether non-experts are qualified to express an opinion as to sanity of the accused, and in this case there does not appear to have been any abuse of discretion.

An instruction that while the burden of proof is on defendant to establish the fact of insanity, the jury cannot convict if they had reasonable doubt as to his sanity, held proper and sufficient. *Davis* v. *United States*, 160 U. S. 469.

The court properly instructed the jury as to the definition of insanity and as to what relieves defendant from criminal responsibility by giving the charge approved in *Davis* v. *United States*, 165 U. S. 373.

THE facts, which involve the construction of certain provisions of the Alaska Code of 1900 and the validity of a trial and conviction for murder in Alaska, are stated in the opinion.

Mr. *James Wickersham* and Mr. *John F. Dillon* for plaintiff in error.

*Mr. Assistant Attorney General Adkins* and *Mr. Karl W. Kirchwey* for the United States.

MR. JUSTICE LAMAR delivered the opinion of the court.

Congress, by the act of June 6, 1900 (31 Stat. 321, 322, c. 786), established a District Court for Alaska with general civil and criminal jurisdiction. There were three judges, who though given jurisdiction over the entire District were required to reside in that one of the three Divisions to which they were respectively assigned by the President. On December 29, 1908, the Grand Jury of the Third Division indicted Matheson for murder. On the next day he was arraigned and entered a plea of not guilty. Before his case was called for trial, Congress passed the act of March 3, 1909 (35 Stat. 838, 839, c. 269), providing for a Fourth Division to be held at Fairbanks by the judge of the former Third Division. This act was not to become effective until July 1, 1909, but in preparation for the first term convened thereunder the District Judge, assigned to the Fourth Division, passed an order, under which jurors were drawn and summoned in June to attend at the session of court to be held in July at Fairbanks.

On July 13, during this term, the defendant applied for and obtained an order to have his witnesses subpœnaed at the expense of the Government. His case was called for trial in September. He announced ready, and without making any question as to the qualification of the jurors or the method and regularity of their selection, objected to the entire panel on the ground that the Judge of the Third Division was without jurisdiction to issue the call at a time when the Fourth Division had not come into existence. The objection was overruled. Several of those on the jury, which tried his case, were taken from this panel. After a verdict of guilty and sentence to imprisonment for life the case was brought here by writ of

error in which complaint is made of the action of the Judge in allowing a jury to be selected from a panel drawn in June, before the act creating the Fourth Division became effective.

The Alaskan Code (June 6, 1900, 31 Stat. 321, 322, §§ 4 and 5, c. 786), created one District Court with three judges having general civil and criminal jurisdiction over the entire District, and authority to hold regular terms at Juneau, St. Michæl's and Eagle City and Special terms at such times and places in the District as they or any of them might deem expedient. The act of March 3, 1909 (35 Stat. 838, 839, c. 269), in providing for a Fourth Division did not contemplate an interruption of the functions of the Judge throughout the entire District, nor did it destroy the unity of the District Court. But while preserving unimpaired the power of the court and judges, it fixed a new place, at which the same District Court must be held. It did not create a new tribunal, with new officers, to be organized in a new political division, but it continued the jurisdiction and power of the Judge to be exercised anywhere in Alaska. It did not revoke his authority to summon jurors to attend at any session of the District Court, whether permitted to be held at Fairbanks under the act of 1900, or required there to be held after July 1, under the act of 1909. The principle involved is, in some of its aspects, like that considered in *Rosencrans* v. *United States,* 165 U. S. 257, where it was said that "jurisdiction is co-extensive with District and no mere multiplication of places at which courts are to be held or mere creation of division nullifies it." *Barrett* v. *United States,* 169 U. S. 231, 299; *Bird* v. *United States,* 187 U. S. 118. There was no error in overruling the objection made by the defendant to the panel.

There are 37 assignments of error, none of which presents a ground requiring a reversal. One relates to the giving of a charge requested by the defendant; others to

rulings as to which no exception was taken at the time or as to matters not set out in the assignments and requiring a search through the record to determine the subject of the complaint; others to the exclusion of testimony as to facts subsequently proved.

Those which relate to the refusal of the court to permit non-experts to express the opinion that the defendant was insane, until after they had given facts on which it was based, are without merit. It was the duty of the judge to determine whether such witnesses had qualified themselves to give opinion evidence, and there was no abuse of the court's discretion in passing on these matters (*Turner* v. *American Security & Trust Co.*, 213 U. S. 257, 260), but his rulings were favorable to the defendant.

It would serve no useful purpose to discuss the ruling as to the burden of proof and the definitions of insanity, since they present no new propositions. In both these matters the court followed cases in which those subjects have been fully treated. He instructed the jury that while the burden of proof was upon the defendant to establish the fact that he was insane at the time of the killing, yet they could not convict if they had a reasonable doubt as to his sanity. *Davis* v. *United States*, 160 U. S. 469. His definition of insanity and as to what would relieve the defendant of criminal responsibility was in accord with the principle declared in *Davis* v. *United States*, 165 U. S. 373, 378—in fact, the court gave the exact charge there held to be correct. The case was one peculiarly for the jury, and finding no error in matter of law, the judgment must be

*Affirmed.*