## UNITED STATES v. HARRIS.

No. 1267–KA.

First Division. Ketchikan.

Feb. 10, 1930.

H. D. Stabler, U. S. Atty., of Juneau, for the United States.

George B. Grigsby, of Juneau, for defendant.

HARDING, District Judge.

A motion has been filed in this case by the United States attorney asking that the testimony of Dr. J. B. Beeson be stricken from the record and the jury directed to disregard his testimony.

The testimony of Dr. Beeson is, in substance, to the effect that there is known to medical science a rare disease known as alcoholic automanism or alcoholic trance. He stated that such a condition was similar to that of a sleepwalker; that there were practically no symptoms of such a condition, excepting that a person suffering therefrom would not remember any events that transpired while in such condition; that it might be produced by one drink of intoxicating liquor or an extreme condition of intoxication. He offered no evidence as to any knowledge of the defendant in this case or which in any way would show the defendant subject to or afflicted with such a condition at the time of the offense charged.

The evidence on behalf of the defendant, aside from that introduced by Dr. Beeson is to the effect that the defendant was drunk at the time of the offense charged and prior thereto, and some of the testimony is to the effect that she was very drunk, which, for the purposes of this motion is not particularly material, as the testimony of the Doctor was to the effect that one drink or many might cause the condition in question. There is no other testimony showing in any way that the defendant was suffering on the date in question, from alcoholic trance.

The defendant herself, upon taking the stand, testified that she did not remember as to most of her acts on the day preceding and on the day of the offense charged, a condition of memory not peculiar to alcoholic trance and which might also be the effect of extreme drunkenness. She also testified as to recollecting certain events which transpired on those days, a condition of memory foreign to alcoholic trance.

The question therefore arises as to the materiality of Dr. Beeson's testimony as it pertains to the issues of this case. In other words, is the testimony as to alcoholic trance sufficiently connected with the defendant to permit it to go to the jury?

■ The rule is well established as stated in Matheson v. United States, 227 U.S. 540, 33 S.Ct. 355, 57 L.Ed. 631, that the burden of proving insanity rests upon a defendant alleging it, although, once proved, it becomes necessary that the government show that the defendant was not insane beyond a reasonable doubt. The same rule, it seems, should apply to the defense of alcoholic trance introduced in this case; that is, the burden is upon the defendant of introducing sufficient evidence that the defendant was suffering from such a condition at the time of the offense charged to warrant the question in going to the jury on that issue. This the court does not feel the defendant has done. To permit this evidence to go to the jury would simply allow them to speculate upon the possibility that the defendant might have been suffering from such a condition and would lead to confusion in their minds as to the issues in this case.

■ If the mere showing that a defendant took a drink of intoxicating liquor, followed by defendant taking the stand and failing thereon to remember as to his or her connection with certain of the events which took place at the time of the alleged commission of a crime, is sufficient to raise the question that such a defendant is suffering from a

rare condition in the nature of insanity, it is difficult to see the limits to which this defense might not go in criminal cases, and the condition, while concededly rare to medical science, would undoubtedly prove quite common to medical jurisprudence.

The motion of the government to strike the testimony of Dr. Beeson is therefore allowed; the sustaining of which motion will not affect in any way the evidence as to the defendant's drunkenness and the extent of it, nor modify the obligation placed upon the government of proving her intent beyond a reasonable doubt.