## CLEMENTS v. COPPIN.

No. 7306.

Circuit Court of Appeals, Ninth Circuit.

Aug. 29, 1934.

Thomas F. McCue and Clarence G. Atwood, both of San Francisco, Cal., for appellant.

Dinkelspiel & Dinkelspiel, of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

GARRECHT, Circuit Judge.

This is an appeal from an order of imprisonment and commitment for civil contempt. The main case from which the contempt proceedings emanate was a suit in equity to fasten a trust upon certain funds of the Flintex Corporation which it was alleged came into the hands of appellant, a part thereof to her individually and the remainder as administratrix of the estate of Ralph L. Clements, her deceased husband. This litigation resulted in a decree in favor of the appellee declaring an involuntary trust as to the funds in question and granting a reference for an accounting to a special master.

The special master filed a report, to which no exceptions were taken, and which was regularly heard, allowed, and confirmed by the District Court. Among other things, the order recites:

"It is further ordered that defendant, Ethlyn B. Clements, pay into the hands of the clerk of this court, subject to the further order of this court, said sum of eleven thousand nine hundred seventy-nine dollars ($11,-979.00) and four thousand eight hundred five and 20/100 ($4,805.20) dollars, respectively, belonging to the estate of said bankrupt, the Flintex Corporation, now in the possession and under the control of said defendant, within 10 days from the date of service hereof, and that jurisdiction is retained by this court to make such further orders and/or decrees as may be meet and proper."

At the expiration of said ten days, appellant filed an answer to this turn-over order, denying possession or control of the trust funds here involved. The appellant having failed to comply with the said turn-over order within the time indicated therein, the court issued an order directing appellant to appear on the 19th day of June, 1933, and show cause why she should not be adjudged guilty of contempt. Appellant appeared as directed and made an informal motion for a re-reference to the special master to reopen the hearing so that she might present evidence which she had failed to disclose before the issuing of said turn-over order. The character of the evidence sought to be introduced was not revealed, nor was any reason assigned why such evidence was not presented at the hearing. Other than this motion no reply was made by the appellant to the said order to show cause by way of affidavit or otherwise. The motion was denied to which denial no exception was taken.

Upon the failure to present any evidence as above indicated, the court made and entered an order adjudging the appellant to be guilty of contempt, and directed that she be confined in the county jail of the city and county of San Francisco, until she complied with said turn-over order. From this order, the defendant has prosecuted the present appeal.

The appellant urges two contentions on this appeal, one, that her verified answer presented an issue at the time of the hearing to show cause, upon which she was not accorded a hearing, the other, that the order of commitment is void for the want of a finding that at that time she was able to perform and pay the money.

■ As heretofore stated, no objections were made or exceptions taken to any of the rulings of the District Court in the contempt proceedings. Under the long-settled rule of federal appellate practice, as evidenced by a uniform course of decision, matters will not be considered on appeal unless objections are made and exceptions taken to the rulings thereon at the time of the trial or hearing. For that reason the contentions now submitted by appellant are not cognizable in this court. Texas Co. v. Brilliant Mfg. Co. (C. C. A. 3) 2 F.(2d) 1; Ritz-Carlton Restaurant & Hotel Co. v. Gillespie (C. C. A. 3) 1 F.(2d) 921; Fuller Process Co. v. Texas Co. (C. C. A. 8) 16 F.(2d) 103; In re Morgan (C. C. A. 6) 26 F.(2d) 183; Southern Kraft Corp. v. Parnell (C. C. A. 5) 65 F.(2d) 785; H. P. Cummings Const. Co. v. Marbleloid Co. (C. C. A. 3) 51 F.(2d) 906; Ex parte Keizo Kamiyama (C. C. A. 9) 44 F.(2d) 503; Northwest Theatres Co. v. Hanson (C. C. A. 9) 4 F.(2d) 471; Callan v. U. S. Spruce Production Corp. (C. C. A. 9) 28 F.(2d) 770; Fleischmann Const. Co. v. United States, to Use of Forsberg, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Matheson v. U. S., 227 U. S. 540, 33 S. Ct. 355, 57 L. Ed. 631.

For the reasons above stated, this court is not obliged to proceed any further in this case, however, in disposing of the matter it might be well to examine the purported defense set up by appellant upon the hearing on the contempt proceedings, and also the ruling of the District Court on appellant's motion to reopen the hearing before the special master.

■ An unchallenged turn-over order entered pursuant to the finding of a referee or

special master to which no exception is taken is conclusive as to the possession of property ordered to be turned over, and cannot be collaterally attacked in a contempt proceeding occasioned by the failure to comply therewith. Clark v. Milens (C. C. A. 9) 28 F.(2d) 457; In re Magen (D. C. N. Y.) 14 F.(2d) 469. Furthermore, the presumption of continuing ability to comply with the turn-over order prevails until it is shown to be otherwise, and the only issue which the court may entertain on the contempt proceedings is evidence of inability to comply with the said order from causes arising subsequent to the making thereof. Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 175, 73 L. Ed. 419; Sarkes v. Wells (C. C. A. 6) 37 F.(2d) 339. The record discloses that the answer filed by appellant to said turn-over order consisted of a mere naked denial of possession of the money in question, and, not only did it fail to present evidence that inability to comply therewith had arisen since the issuance of the said order, but it entirely omitted any explanation of any kind whatsoever as to what occasioned the alleged inability or when such inability arose. In view of the presumptions mentioned above, the mere allegation of inability to comply with the turn-over order is wholly insufficient, and, there being no proof or pretense of proof of inability arising subsequent to the entering of said order, practically nothing remained for the court to do but adjudge the disobedient party guilty of contempt. In re Goldstein (D. C. N. Y.) 52 F.(2d) 853; In re Black (D. C. N. Y.) 30 F. (2d) 523.

In Oriel v. Russell, supra, the Supreme Court, quoting from In re Epstein (D. C.) 206 F. 568, said:

"In the case in hand the consequence is, that, as the order to pay or deliver stands without sufficient reply, it remains what it has been from the first—an order presumed to be right, and therefore an order that ought to be enforced. In the pending case, or in any other, the court may believe the bankrupt's assertion that he is not now in possession or control of the money or the goods, and in that event the civil inquiry is at an end; but it is also true that the assertion may not be believed, and the bankrupt may therefore be subjected to the usual pressure that follows willful disobedience of a lawful command, namely, the inconvenience of being restrained of his liberty."

Continuing, the court went on to state:

"In the two cases before us, the contemnors had ample opportunity in the original hearing to be heard as to the fact of concealment, and in the motion for the contempt to show their inability to comply with the turn-over order. They did not succeed in meeting the burden which was necessarily theirs in each case, and we think, therefore, that the orders of the Circuit Court of Appeals in affirming the judgments of the District Court were the proper ones."

A situation very similar to the one at bar was presented to the court in the case of Toplitz v. Walser (C. C. A. 3) 27 F.(2d) 196, 197, from which we quote the following language:

"In the contempt proceeding the question of the bankrupt's possession or control and concealment of property, having already been determined, is not in issue. The sole question is whether the bankrupt is presently able to comply with the turnover order previously made and, accordingly, whether he is disobeying that order. (Cases cited.) It therefore devolves upon the bankrupt in the latter proceeding to show how and when the property previously adjudged in his possession or control had passed out of his possession or control, * * * and thereby created a situation, not of disobedience, but of inability to obey the order. He makes a sufficient answer in this regard if he can show by adequate evidence that, wholly without fault on his part, he is physically unable to obey the order. That is, the evidence must satisfy the judge that he is really unable to obey and is not openly or covertly defying the order. * * *

"Evidence is urged in this contempt proceeding seemingly on the theory (contrary to the finding in the turnover proceeding) that as she did not have the property before the turnover order, the bankrupt could not dispose of it or do anything with it after the order, and therefore she is unable to obey the order by turning over that which she never had. Though not in form this is in substance a collateral attack upon the now finally established turnover order, which of course is not permissible."

■ The rule that the findings of fact of a referee or special master which have been approved by the District Court will not be disturbed on appeal except on a clear showing of mistake, is of such universal recognition and uniform application in the federal courts as not to require citation of authority.

■ Upon the oral argument of this case, it having been suggested that appellant should be advised to pay the money as ordered by the trial court, counsel for appellant stated: "I have advised her to pay it and

she assures me that she has no money, and she tells me that she had no part of this money at the time of the hearing to show cause." Further in appellant's reply brief the following statement is made:

"Appellant is in an unfortunate situation, in this; she received this money in 1927 by order of distribution from the administrator of Clements' estate prior to any notice of plaintiff's claim; she invested it in stocks and in the crash of 1929, she was wiped out. The report of the Master should have been excepted to and the whole matter brought before the trial court, which was not done. I was not her attorney in those proceedings."

These matters being outside of the record, they cannot be considered by us in passing on this appeal. The inability of the offender to comply with the order may at any time, in its discretion, on a proper application be inquired into by the District Court. 13 C. J. 95.

Upon the record before us we conclude that the District Court was not in error in denying appellant's motion for a re-reference to the special master and committing appellant for contempt.

The order of the District Court is affirmed.