## BREEDIN v. UNITED STATES.
### No. 3741.

Circuit Court of Appeals, Fourth Circuit.
Nov. 19, 1934.

A. H. Dagnall, of Anderson, S. C., for appellant.

C. C. Wyche, U. S. Atty., of Greenville, S. C.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

The appellant, a physician of Anderson, S. C., was convicted in the court below of charging and receiving compensation of $3,000, in violation of 38 USCA § 551, for collecting the amount due under a policy of war risk insurance. There was evidence on the part of the government that appellant charged this sum for his services and was paid it out of a sum of $8,682.50 collected under the policy. Appellant admitted the receipt of the $3,000, but contended that it was paid to him in satisfaction of a note given by the widow of the deceased soldier in renewal of notes which had been executed to appellant on account of medical services which he had rendered. The government showed, however, that appellant had been paid in full for these services by the mother of the deceased soldier and had issued receipts showing such payment; and it contended that the obtaining of the note for $3,000 was a mere device for covering up the unlawful charge made on account of services. The issue thus raised was fairly submitted to the jury in an able charge, as to which there is no exception. The questions presented by the appeal relate to the admission of testimony and to certain questions and comments by the United States Attorney of which appellant complains.

The first assignment of error relates to the admission in evidence, over appellant's objection, of a letter written by appellant to the widow of the deceased soldier, complaining because she had collected $130 from moneys which had been paid into the office of the probate judge as compensation due the soldier. The letter states that appellant was counting on receiving this $130, and that he was looking for the widow to bring or send it to him. It is clear, of course, that the letter had no relation to any money collected under the war risk insurance policy; but the crucial question in the case was as to the intent or purpose of appellant in the col-

lection of the $3,000, and this letter, showing as it did the attitude of the appellant towards other moneys collected from the government about the same time, threw considerable light on the question. It is well settled that, as bearing upon the question of intent, purpose, design, or knowledge, evidence of similar transactions occurring at or about the same time is competent. Tincher v. U. S. (C. C. A. 4th) 11 F.(2d) 18, 20; Lynch v. U. S. (C. C. A. 4th) 12 F.(2d) 193; Samuels v. U. S. (C. C. A. 8th) 232 F. 536, Ann. Cas. 1917A, 711; Shea v. U. S. (C. C. A. 6th) 251 F. 440; Jones v. U. S. (C. C. A. 9th) 179 F. 584, 585, 610; Williamson v. U. S., 207 U. S. 425, 451, 28 S. Ct. 163, 52 L. Ed. 278.

 Assignments 7, 11, 12, and 13 complain of the admission in evidence of the record of certain mortgages together with the record of their release and entries by appellant declaring this release null · and void. Without going into the complicated facts disclosed by these records, it is sufficient to say that they were a part of the proof adduced to show that the medical services rendered by appellant to the deceased soldier had been paid for in full by his mother, and that they were competent in rebuttal of appellant's testimony to the effect that the $3,000 collected by him was for these services. The fact that the records may have served as a basis for argument that appellant had been guilty of fraudulent conduct with relation thereto was no reason for their exclusion; for evidence having a material bearing upon the issue under trial is not to be excluded, even though it may show defendant to have been guilty of another crime. Williamson v. U. S., supra, 207 U. S. 425, 451, 28 S. Ct. 163, 52 L. Ed. 278; Moore v. U. S., 150 U. S. 57, 61, 14 S. Ct. 26, 37 L. Ed. 996.

 The remaining assignments of error are not based upon exceptions properly taken during the progress of the trial, and consequently cannot be considered. Matheson v. U. S., 227 U. S. 540, 543, 33 S. Ct. 355, 57 L. Ed. 631; U. S. v. Carey, 110 U. S. 51, 3 S. Ct. 424, 28 L. Ed. 67. We exercise the power to notice plain error not assigned only where necessary to prevent a miscarriage of justice; and a careful examination of the record convinces us that there is no occasion to exercise it here. Upon only three of the assignments not based upon exceptions is it worth while to comment. One of them relates to a question asked one Johnson, a character witness of appellant, as to whether appellant was not indebted to him and had not asked for a statement of account since the finding of a prior indictment for a similar offense. Appellant objected to the question, but took no exception to the overruling of the objection; and the answer related entirely to the request for statement and payment of account and had no relation to any prior indictment. While we do not approve the reference in the question to a prior indictment of appellant, the question and answer could not be held prejudicial, even if exception had been duly taken, in view of the overwhelming evidence as to appellant's guilt.

 Another of these assignments relates to a question asked appellant himself as to whether he had not executed a certain mortgage because he had been caught in an attempted fraud in entering satisfaction of a prior mortgage; and a similar assignment relates to an expression of opinion by the questioner that the transaction was fraudulent. No objection was made by appellant to this question or expression by counsel, nor were exceptions noted, but the court ex mero motu directed counsel not to characterize the transaction as fraudulent in the absence of evidence to that effect, and no further action was asked or suggested by appellant. If he desired further action on the part of the court, he should have asked it. He could not sit silently by and take chances on a favorable verdict, and then complain when it turned out to be unfavorable. Upton v. Harrison (C. C. A. 4th) 68 F.(2d) 232, 234. If it appeared that appellant's cause had been prejudiced as a result of the question and comment of counsel, we would order a new trial, even though proper objections and exceptions had not been entered; but nothing appears in the record which would warrant such action on our part.

 Still another assignment relates to a question asked appellant as to whether he had not represented other veterans in applications for payment of their insurance. The question was clearly competent, under the authorities heretofore cited, as bearing upon the question of intent; but upon objection by appellant the question was withdrawn, and no exception was noted, nor was the court requested to instruct the jury to ignore any inference that they might have drawn from the asking of the question and the arguments made as to its admissibility.

There was no error, and the judgment appealed from will be affirmed.

Affirmed.