36 F.3d 1096
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard E. WILLIAMS, Plaintiff-Appellant,
v.
NORFOLK SOUTHERN RAILWAY COMPANY, Defendant-Appellee,
and
NATIONAL RAILROAD PASSENGER CORPORATION, Defendant,
v.
CATLETT VOLUNTEER FIRE COMPANY, INCORPORATED; Kevina.
Bell, Third Party Defendants.
 No. 92-1373.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 4, 1993.
Decided: Oct. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-90-1491-A)
 ARGUED: Margaret DeFilippis, Ashcraft & Gerel, Alexandria, VA, for appellant. Stephen Earl Baril, Williams, Mullin, Christian & Dobbins, P.C., Richmond, VA, for appellee. ON BRIEF: Kathleen G. Walsh, Ashcraft & Gerel, Alexandria, VA, for appellant. George W. Marget, III, Williams, Mullin, Christian & Dobbins, P.C., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The appellant, Leonard Williams, brought this action for negligence against Norfolk Southern Railway Company after sustaining injuries while travelling on an Amtrak passenger train.[1] Williams was injured when the train struck a fire truck at a crossing south of Catlett, Virginia. The case was originally tried on October 7, 1991, with the jury returning a verdict in favor of Williams on liability only. Norfolk Southern filed a motion for judgment notwithstanding the verdict or in the alternative a new trial. The district court, believing it had erred in its instructions to the jury, because it had considered the crossing a public way, granted the motion for a new trial. The second trial was held on February 3, 1992, with the crossing considered to be private. This time there was a verdict for Norfolk Southern upon which judgment was entered.
 
 
 2
 Under the case of Chesapeake & Ohio RY. Co. v. Faison, 52 S.E.2d 865, 866, 868 (Va.1949), the question of whether a railway crossing is public or private is essentially a matter of fact. The special verdict form submitted to the jury indicates that that question was not submitted to the jury as it had been in the Faison case. See 52 S.E.2d at 866. That being true and a special verdict having been employed, the question of whether the way was public or private was submitted to the court. See F.R.C.P. 49(a); Wright & Miller, Federal Practice and Procedure, Civil, Sec. 2507.
 
 
 3
 The court here found at first that the way was public and instructed the jury accordingly. After verdict the court reconsidered the matter and found the way to be private, and in the second trial instructed the jury accordingly. There was a good deal of evidence on either side of the question of whether the way was public or private, and we think that a finding by the district court either way would not have been clearly erroneous. The district court had a right to change its ruling prior to judgment in the case, see Jetero Construction Company, Inc. v. South Memphis Lumber Company, 531 F.2d 1348, 1351 (6th Cir.1976); cf. United States v. U.S. Smelting Co., 339 U.S. 186, 199 (1950), and we think its decision that the crossing in question was a private way rather than a public way is not clearly erroneous and should not be disturbed.
 
 
 4
 The only other question in the case deserving of separate mention is whether the court unduly restricted the evidence of an expert witness called by the plaintiff as to whether the railroad had been negligent in the construction and maintenance of the crossing. The matter of the qualification of the expert and the extent of his testimony[2] was in the discretion of the trial judge. See Matheson v. United States, 227 U.S. 540, 543 (1913). We think that the district court's decision to limit the testimony was not an abuse of its discretion.
 
 
 5
 The judgment of the district court is accordingly
 
 AFFIRMED.[3]
 
 
 [1]
 Williams also sued Amtrak for negligence, but the jury in the first trial found that Amtrak was in no way liable for his injuries
 
 
 [2]
 The principal point of contest seems to be that the trial court did not permit standards to be used from manuals which the expert had not previously applied to a private crossing
 
 
 [3]
 At the second trial, the case was submitted to the jury by way of general verdict