## In re PRELA.

Circuit Court of Appeals, Second Circuit. January 9, 1928.

No. 197.

1. **Bankruptcy ⬡136(9)—Motion in bankruptcy to punish for contempt for disobeying turnover order is civil proceeding.**

In bankruptcy proceeding, motion to punish for contempt for failure to obey turnover order is civil proceeding.

2. **Bankruptcy ⬡136(12)—Disobedience of turnover order in bankruptcy presents prima facie case of contumacy for punishment.**

In bankruptcy proceeding, disobedience of order directing bankrupt to turn over merchandise and money to his trustee presents prima facie case of contumacy for punishment.

3. **Bankruptcy ⬡136(12)—On motion to punish for contempt for disobeying turnover order moving party must establish by fair preponderance of proof that order was disobeyed.**

On motion in bankruptcy proceeding to punish for contempt for failure to obey order directing bankrupt to turn over certain property to trustee, burden rests on moving party to establish, not beyond a reasonable doubt, but by fair preponderance of proof, that bankrupt disobeyed order.

4. **Bankruptcy ⬡136(12)—Bankrupt, in failing to obey turnover order, is presumed to have willfully disobeyed.**

Where bankrupt, having been directed to turn over certain property to trustee, fails to do so, it is presumed that offender continues in willful and deliberate conduct when he fails to obey such order.

L. Hand, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Samuel Prela, trading as the Selwell Blouse Company, bankrupt. From an order punishing the bankrupt for contempt in having willfully disobeyed an order directing him to deliver over to his trustee merchandise and money, and committing him to imprisonment for failure so to do, he appeals. Order affirmed.

Archibald Palmer, of New York City (Max L. Rosenstein, of New York City, of counsel), for appellant.

George Lion Cohen, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The appellant was adjudicated a bankrupt, and thereafter was directed to turn over to his trustee merchandise and pay over money. He failed to do so. A motion was made to punish him for contempt, which resulted in the order appealed from. The motion to direct the appellant to turn over the property in question was referred to the referee in bankruptcy, who took testimony in a protracted proceeding. The appellant had full opportunity to present all his evidence, but called no witnesses to support his present affidavit, which sets forth an excuse in opposition to the order appealed from. The referee's order, directing him to turn over the property dated November 9, 1926, was affirmed by the District Judge. An application was made to this court for leave to appeal, which was denied. A reargument of the motion to turn over was applied for in the District Court, and denied. Thereupon the trustee, upon affidavits, moved to punish for contempt. An answer was interposed, and affidavits in opposition were filed. The matter was again referred to the referee in bankruptcy, who took testimony; but he held that the order in the turnover proceedings made out a prima facie case against the bankrupt, and that the burden was on the bankrupt to go forward with evidence tending to show that since the date of the turnover order he had disposed of the property then found to be in his possession or control, and directed to be turned over to the trustee. No evidence was offered by the bankrupt to show what he had done

with the property since he was adjudged a bankrupt. The District Court affirmed the report of the referee and adjudged the bankrupt in contempt.

On this appeal it is argued that it was error below to refuse an opportunity to the appellant to explain (1) his inability to comply with the turnover order; and (2) that the appellee had failed to establish beyond a reasonable doubt the fact that the appellant was concealing moneys and properties of the bankrupt; and (3) that there is a failure of proof to sustain the claim that the appellant is presently able to comply with the order to turn over the property.

[1-4] These claims were advanced in the Matter of Oriel et al., 23 F.(2d) 409, decided this day, and for the reasons there stated, and upon that authority, we hold that a motion to punish for contempt for failure to obey a turnover order is a civil proceeding. A disobedience of the order to turn over presents a prima facie case of contumacy for punishment. The burden rests upon the moving party to establish, not beyond a reasonable doubt, but by a fair preponderance of proof, such contumacy. Having been directed to turn over property, it is presumed that the offender continues in his willful and deliberate conduct when he fails to obey the order. Applying the rule stated in that opinion, it follows that this order must be affirmed.

Order affirmed.

L. HAND, Circuit Judge, dissents.