## TOPLITZ v. WALSER.

Circuit Court of Appeals, Third Circuit.
July 13, 1928.

No. 3759.

1. Bankruptcy ⚭136(2)—Whether bankrupt had property at date of bankruptcy, which he had not delivered to trustee, is fundamental issue in turnover proceeding.

The issue in a turnover proceeding is whether bankrupt had property within his possession or control at date of bankruptcy, which he had not delivered to his trustee, which issue must be raised and decided first.

2. Bankruptcy ⚭136(10)—Turnover order is conclusive.

On turnover order being entered by referee and affirmed by District Court, fact of possession or control of property and its retention and concealment by bankrupt becomes settled beyond further controversy.

3. Bankruptcy ⚭136(9)—In contempt proceeding for failure to comply with turnover order, sole question is whether bankrupt is presently able to comply with turnover order.

In contempt proceeding against bankrupt for failure to comply with turnover order, question of bankrupt's possession or control and concealment of property, having already been determined in the turnover proceeding, is not in issue; but sole question is whether bankrupt is presently able to comply with turnover order, and whether he is disobeying that order.

4. Bankruptcy ⚭136(12)—In contempt proceeding against bankrupt for disobeying turnover order, bankrupt must show how and when property had passed out of his possession or control.

In contempt proceeding against bankrupt for failure to comply with turnover order, it devolves on bankrupt to show how and when property previously adjudged in his possession or control had passed out of his possession or control, and he makes a sufficient answer if he can show by adequate evidence that, wholly without fault on his part, he is physically unable to obey order.

5. Bankruptcy ⚭467(4)—Finding of contempt by referee and District Court against bankrupt for disobeying turnover order will not be disturbed, except on clear showing of mistake.

Appellate court will not disturb finding of referee and District Court, in contempt proceeding against bankrupt for failure to comply with turnover order, that evidence was not sufficient to exonerate bankrupt, except on clear showing of mistake.

6. Bankruptcy ⚭136(8)—Finally established turnover order cannot be collaterally attacked.

A finally established turnover order in bankruptcy is not subject to collateral attack.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

On petition of Arnold J. Walser, trustee in bankruptcy of Rose Toplitz, the referee certified the bankrupt to the District Court for contempt for failure to comply with turnover order. From a decree adjudging her in contempt, the bankrupt appeals. Affirmed.

Milberg & Milberg, of Jersey City, N. J. (Samuel Milberg, of Jersey City, N. J., of counsel), for appellant.

Gross & Gross, of Jersey City, N. J. (Joel Gross, of Jersey City, N. J., on the brief), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. A referee, finding that the bankrupt had in her possession money which she had failed and refused to deliver to her trustee, entered against her a turnover order which on review the District Court affirmed. She did nothing. The referee on petition of the trustee then certified the bankrupt to the District Court for contempt and that court, finding that her failure to obey the order was willfully obdurate and contumacious, entered against her a decree for contempt from which she took this appeal.

[1-5] The evidence is of a character that calls for a brief statement of the applicable

law. We are, of course, conversant with the two proceedings which not infrequently arise in situations of this kind—one for a turnover order and the other for contempt because of disobedience of such an order—and are aware of the legal distinction between them, which, briefly repeating what we have many times stated, is that the issue in a turnover proceeding is whether the bankrupt had property within his possession or control at the date of bankruptcy which he had not delivered to his trustee. Being fundamental, that issue must be raised and decided first. When on a finding of that fact the referee enters a turnover order and the order is either not reviewed or, if reviewed, is affirmed by the District Court, the fact of possession or control of property and its retention and concealment by the bankrupt becomes settled beyond future controversy. In re Epstein (D. C.) 206 F. 568; Epstein v. Steinfeld (C. C. A.) 210 F. 236; In re Stern (D. C.) 215 F. 979; Schmid v. Rosenthal (C. C. A.) 230 F. 818. When that issue has thus become finally determined and the bankrupt has failed to comply with the order by turning over to the trustee the property so adjudged to be possessed and concealed by him, the next step is a proceeding for contempt. In the contempt proceeding the question of the bankrupt's possession or control and concealment of property, having already been determined, is not in issue. The sole question is whether the bankrupt is presently able to comply with the turnover order previously made and, accordingly, whether he is disobeying that order. Frederick v. Silverman (C. C. A.) 250 F. 75; Davidson v. Wilson (C. C. A.) 286 F. 108. It therefore devolves upon the bankrupt in the latter proceeding to show how and when the property previously adjudged in his possession or control had passed out of his possession or control, Dittmar v. Michelson (C. C. A.) 281 F. 116, and thereby created a situation, not of disobedience, but of inability to obey the order. He makes a sufficient answer in this regard if he can show by adequate evidence that, wholly without fault on his part, he is physically unable to obey the order. That is, the evidence must satisfy the judge that he is really unable to obey and is not openly or covertly defying the order. In re Epstein (D. C.) 206 F. 568; Epstein v. Steinfeld (C. C. A.) 210 F. 236. The proceeding then resolves itself into a mere question of evidence. When both a referee and a district court have, as here, found the evidence not sufficient to exonerate the bankrupt, an appellate court will not disturb the finding of those two fact-finding tribunals except on a clear showing of mistake.

[6] In the record before us not only the evidence in the contempt proceeding is reproduced but also the evidence in the turnover proceeding. The trouble with the evidence in the contempt proceeding, the only evidence properly here for review, is that it is directed to the issue of the bankrupt's possession and control of property at the date of bankruptcy raised and definitely decided against her in the turnover proceeding. That evidence is urged in this contempt proceeding seemingly on the theory (contrary to the finding in the turnover proceeding) that as she did not have the property before the turnover order, the bankrupt could not dispose of it or do anything with it after the order, and therefore she is unable to obey the order by turning over that which she never had. Though not in form this is in substance a collateral attack upon the now finally established turnover order, which of course is not permissible. However, in seeking light on the evidence properly in this contempt case we have gone out of our way and read the evidence in the turnover case. The evidence in the turnover case, we should hold, were we called upon to rule on it, fully sustains the order, and that in the contempt case does not differentiate the situation or show any change since the turnover order was entered whereby the bankrupt has been rendered unable to obey it.

The decree adjudging the bankrupt in contempt is therefore affirmed.