78

## In re REISS.

District Court, E. D. New York.   February 4, 1929.

No. 14414.

Remington & Meek, of New York City, for the motion.

William A. Blank, of Brooklyn, N. Y., opposed.

CAMPBELL, District Judge.   This is a motion to punish the bankrupt for contempt and comes before the court on an order to show cause.

The trustee made an application to the referee for an order directing the bankrupt to turn over to the trustee $73,812 assets unaccounted for.

The referee made an order directing the bankrupt to turn over to the trustee $34,-152.11.

The bankrupt filed his petition with the court to review the said order of the said referee, and it was heard before Hon. Robert A. Inch, one of the judges of this court, who dismissed the petition for review and affirmed that order.

From that last-mentioned order no appeal was taken.

The referee has filed his certificate that the said bankrupt has committed the contempt for disobedience of said order, and praying for an order punishing said bankrupt for said contempt.

The bankrupt has appeared in opposition to this motion, and affidavits have been filed on his behalf, by which he seeks to have this court re-examine the evidence on which the turnover order was granted, but that cannot be done as the only evidence this court can consider on behalf of the bankrupt on this motion is evidence of something that has happened since the time to which the turnover order relates, showing that there has newly arisen an inability on the part of the bankrupt to comply with the turnover order.  In re Lans (C. C. A.) 158 F. 610, 19 A. B. R. 458; In re Stavrahn (C. C. A.) 174 F. 330, 23 A. B. R. 168, 20 Ann. Cas. 888; In re Weber (C. C. A.) 200 F. 404, 29 A. B. R. 217; In re Silverman (C. C. A.) 11 F.(2d) 970, 8 A. B. R. (N. S.) 5; In re Oriel (C. C. A.) 23 F.(2d) 409, 11 A. B. R. (N. S.) 363; In re Prela (C. C. A.) 23 F.(2d) 413, 11 A. B. R. (N. S.) 370.

That the order to turn over was made, after hearing, by the referee, and on a petition to review was affirmed, after hearing, by the District Court, that no appeal was taken from that order, and that the said order to turn over has not been obeyed by the bankrupt, is not disputed.   The bankrupt has been fully heard on the motion, and no facts have been shown to account for the disappearance, subsequent to the date to which the turnover order relates, of any part of the assets which the bankrupt was adjudicated by the turnover order to have had in his possession and was ordered to turn over.

Inability on the part of the bankrupt to comply with the order is a matter of defense, and it is not sustained by attacking the order of the referee, affirmed on review by the District Court, which found that the bankrupt had the money in his possession at that time.

That order is a binding adjudication, from which no appeal has been taken, and I must proceed in accordance with that adjudication, on the presumption that, the bankrupt having been found to be in possesison of that sum at the time to which such order relates, he continued in possession.

This presumption has not been rebutted by any evidence of any happening subsequent to the time to which the order to turn over relates, which makes obedience to such order impossible, and I am therefore constrained to find that the bankrupt has not sustained his contention of inability to comply with the order to turn over, but, on the contrary, that it appears that he is able to comply with said order.

The bankrupt is therefore found guilty of a civil contempt and will be committed to the

Kings county jail for civil prisoners, until he shall purge himself of his contempt by complying with the said order, or until the further order of this court modifying the said order in any way or discharging the bankrupt from imprisonment.

The term of this court at which the order hereon is made will be extended one year.

Settle order on notice.