## REGUS v. MORRISON et al. Bankrupts.*

Circuit Court of Appeals, Fifth Circuit.
February 15, 1929.

No. 5344.

Morris B. Redmann, A. P. Frymire, and Harry McCall, all of New Orleans, La., for appellant.

Leo L. Dubourg, of New Orleans, La. (Dart & Dart, of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal by a trustee in bankruptcy from an order denying his motion to commit the bankrupts for contempt of a previous order which directed them to turn over to him the sum of approximately $29,000. The turnover order, dated May 25, 1926, was entered by the referee and approved by the district judge. Walnut Creek Milling Co. v. Grain Products Co. (D. C.) 21 F.(2d) 380. On appeal to this court, the ruling of the district judge was affirmed, but the sufficiency of the evidence to sustain the order was not considered, and

*Rehearing denied March 25, 1929.

could not have been for the reason that the evidence itself was not incorporated in the record. 22 F.(2d) 804. In the contempt proceeding the district judge, over the trustee's objection, permitted the bankrupts to testify that they were unable to comply with the turnover order. The bankrupts did not attempt to show that any change had taken place in their financial condition after the date of the turnover order. They merely brought down to date the testimony they had given at the hearing in the turnover proceeding. The only ground on which the order appealed from can be sustained is that the district judge came to the conclusion that his previous order was erroneous in that it was not sustained by the weight of the evidence.

The question that is before us has been decided since this appeal was taken by the Supreme Court in Oriel v. Russell and Prela v. Hubshman, 49 S. Ct. 173, 73 L. Ed. —— (decided January 14, 1929). Oriel and Prela were bankrupts and appealed from orders of commitment for contempt on the ground that they had been denied the right to show that the turnover orders were wrong. The Supreme Court granted writs of certiorari, and held: "The Referee and the Court in passing on the issue under such a turnover motion should therefore require clear evidence of the justice of such an order before it is made. Being made, it should be given weight in the future proceedings as one that may not be collaterally attacked by an effort to try over the issue already heard and decided at the turnover. Thereafter on the motion for commitment the only evidence that can be considered is the evidence of something that has happened since the turnover order was made showing that since that time there has newly arisen an inability on the part of the bankrupt to comply with the turnover order."

Upon the authority of this decision of the Supreme Court, the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.