In re SIEGLER.

Appeal of SMYTH.

Circuit Court of Appeals, Second Circuit.
April 1, 1929.

No. 52.

Wise & Seligsberg and David W. Kahn, all of New York City, for appellant trustee.

Robert P. Levis, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ■ Any difference of opinion respecting the force and effect of a turnover order, which may have prevailed before the decision of the Supreme Court, in Prela v. Hubshman, 49 S. Ct. 173, 73 L. Ed. ——, is now out of place in any discussion of the subject. The amount to be paid is conclusively fixed by the order, and no evidence can properly be considered on a motion for commitment for contempt, except that which tends to show inability on the part of the bankrupt to comply with the order because of something which has taken place since the order was made.

■ The record shows nothing which has happened since the making of the turnover order to indicate any inability on the part of the bankrupt to comply, except that he has spent, of the amount found to have been in his possession, the sum of $21,275.75. This leaves the difference between that sum and the amount of the order wholly unaccounted for. There was absolutely nothing to show that the bankrupt ever made the slightest effort to comply with the order at any time, notwithstanding his admitted ability to have done so, at least in part, during the time between the making of the order and the bringing of the petition for contempt. Yet, in view of all this, the District Judge was satisfied, and we think too easily satisfied, if he would exercise a sound discretion, to accept the statement of the bankrupt, supported only by the assertion of his wife that he had no present ability to comply with the order.

■ It is not claimed, nor could it well be, that his imprisonment for concealing assets in any way affected this proceeding. In re Sobol (C. C. A.) 242 F. 487. While the sound discretion of the trial judge must of necessity play such a decisive part in a contempt proceeding like this, that we should not interfere with the result unless his discretion had plain-

ly been abused, we cannot believe that the purely perfunctory examination that was made of the bankrupt here, if, indeed, it is entitled to be called an examination at all, would lead to a just conclusion, except by accident. The burden rested on the bankrupt to explain his failure to obey the order, to the end that the court would have good reason to believe from the evidence that his noncompliance was not defiant disobedience, due to his own fault, but rather inability to pay, due to circumstances for which he should not be held to answer. Toplitz v. Walser (C. C. A.) 27 F.(2d) 196.

There is nothing to indicate what significance, if any, the claimed impairment of the bankrupt's health had in the refusal to commit him. It was, of course, one of the things to be considered and given due weight, if true. That, equally with his financial condition, deserved an examination adequate to disclose the fact and at least with reasonable certainty, to what extent imprisonment would be "inimical" to his health. There was no such examination.

The bankrupt claims also that, because one year and between two and three months elapsed after the effective date of the turn-over order before the bringing of the petition to adjudge him in contempt, the right to maintain the petition has been lost by lapse of time. He would apply a time limit of one year, because the prosecution of offenses arising under the Bankruptcy Act is so limited. Section 29d, Bankruptcy Act (30 Stat. 554). He readily admits, however, that there is a difference between a criminal contempt and one of a civil nature like this, where the action of the court is coercive rather than punitive, but believes the case of Gompers et al. v. United States, 233 U. S. 604, 34 S. Ct. 693, 58 L. Ed. 1115, respecting limitation, is as applicable to a civil as to a criminal contempt. Yet he concedes that there is no authority to be found for his position, and we can see no good reason why there should be.

A trustee should act with reasonable dispatch to compel a bankrupt to pay in accordance with the terms of a turnover order. This is essential to a performance of his duty to collect the assets for the creditors he represents, and to secure for that purpose the full benefit of the evidential force of the order on a motion to commit. Although it by no means necessarily follows that delay will always make it easier for the bankrupt to show inability to pay, it will be so likely to have that effect that a trustee cannot safely sit idly by after the time has come for him to act. This trustee acted within six months after the bankrupt was released from prison. While the bankrupt was in prison, the trustee could hardly have been expected to bring this petition for his commitment.

Judgment reversed.