## COATES v. DRESNER.

### In re PROVIDENT LOAN SOC.

Circuit Court of Appeals, Third Circuit.
August 9, 1929.

No. 4045.

■■■■■■■■■

Edward Stone and Aarons, Weinstein & Stone, all of Philadelphia, Pa., for appellant.

Jas. Mercer Davis, of Camden, N. J., for appellee.

Before WOOLLEY, Circuit Judge, and RELLSTAB and THOMPSON, District Judges.

WOOLLEY, Circuit Judge. The District Court affirmed an order of a referee in bankruptcy that Joseph M. Dresner and Thomas Schwartz produce and deliver to the trustee a certain inventory book which belonged to the bankrupt. When they did not obey this turnover order, the trustee instituted proceedings for contempt against both respondents, wherein (Schwartz having disappeared) Dresner alone appeared and endeavored to purge himself of contempt by showing that, not having possession or control of the book, or any knowledge of its whereabouts, he was unable, physically and actually, to obey the order. The learned trial court recognizing that the order to turn over the book was made against two persons, one or the other of whom had what both were commanded to give up, and that the proceeding for contempt was prosecuted against only one of them, and finding that this one had purged himself of contempt by showing to its satisfaction his inability to comply with the order, dismissed the proceeding.

On this appeal the trustee assigned error generally in the court's refusal to commit Dresner for contempt and particularly "in holding that an order against two respondents to turn over an inventory book could not be enforced against" one of them.

■■ We do not understand that the learned trial judge laid down or acted upon such a rule, and even if he did, we find no occasion to review its theory or determine its correctness, for the true question raised and decided —one purely of fact—was whether Dresner had purged himself of contempt by explaining why, so far as he was concerned, *he* did not obey the referee's turnover order. The referee did not find that Dresner or Schwartz, individually, had possession or control of the book, but merely ordered that *they* produce and deliver it. Admittedly, the order to turn over was an adjudication that on the date of its entry both had either possession or control of the book. It was conclusive of that fact; and so it stood, not to be reviewed or reversed in any subsequent proceeding for contempt. Oriel, Confino & Co. v. Russell, Trustee, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419; Toplitz v. Walser (C. C. A.) 27 F.(2d) 196; In re Epstein (D. C.) 206 F. 568; Epstein v. Steinfeld (C. C. A.) 210 F. 236; Frederick v. Silverman (C. C. A.) 250 F. 75. But there was no finding that Dresner ever had it alone or that he alone had control over it. We think that, in a contempt proceeding against him alone, he should be heard to say, in explanation of his seeming disobedience, that, wholly without regard to past events, he has had neither possession of nor control over the book since the order was entered and therefore cannot alone obey it. But, had the contempt proceeding run against both parties named in the order, it can readily be seen how, under the cited authorities, the court would refuse to hear them say that they have not the book because they never had it and, for want of other excuse for their disobedience, commit them for not producing it. On the evidence in the case the original offense was joint and so, accordingly, was the order; and a contumacious violation of the order might also be joint; but one of the respondents acting alone might conceivably be rendered unable by the other to produce it alone and in that situation he should not be punished for what now he cannot do.

■■ We have pursued this discussion in the abstract merely to satisfy the trustee who has, in the performance of his duty and with evident seriousness, raised the question. But when we come down to the concrete facts of the case, the order of the District Court must be affirmed because the evidence which was before the trial court in the contempt proceeding has not been included in the record and brought before this court. On this evidence the learned trial judge said in his opinion that there was no escape from a finding of the truth of Dresner's answer as to his inability to obey the order. Not having the evidence before us, we cannot hold that it does not sustain his decree. In any event we should not, except in case of clear mistake, be disposed to reverse the trial court on a fact finding in a proceeding having to do with the enforcement of its own order.

The decree is affirmed.