## SARKES v. WELLS.

Circuit Court of Appeals, Sixth Circuit.
January 17, 1930.

No. 5272.

340

J. B. Dworken, of Cleveland, Ohio, for appellant.

Monroe A. Loeser, of Cleveland, Ohio (E. C. Landsman, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Appeal by George Sarkes, bankrupt, from an order of the District Court adjudging him in contempt for failure to obey an order, made by the referee, directing the bankrupt to deliver to the appellee trustee the sum of $3,000 and a diamond ring. The turnover order, wherein it was found that the bankrupt at the time of bankruptcy had the money and ring in his possession and under his control, was regularly made on April 12, 1928, upon the petition of the trustee and after a full hearing. Appellant having failed to comply, the referee certified the facts found to the judge, who, after a full hearing, at which were admitted the findings of the referee and the evidence introduced upon the part of the appellant, including his own testimony, was of opinion that the appellant had the present ability to comply with the order, and therefore, on September 11, 1928, ordered that, if he did not comply within ten days, he should for his contempt be held in custody until he did, or until further orders.

The judge was right. The bankrupt filed no petition to review the turnover order (General Order XXVII), and it was therefore an adjudication which may not be collaterally attacked that at the time it was made the appellee had possession of and was withholding the property. There can no longer be any difference of judicial opinion upon the point. Oriel v. Russell, 278 U. S. 358, 363, 49 S. Ct. 173, 73 L. Ed. 419; Internat. Agr. Corp. v. Cary, 240 F. 101, 106 (C. C. A. 6); In re L. & R. Wister & Co., 237 F. 793, 795 (C. C. A. 3); Toplitz v. Walser, 27 F.(2d) 196, 197 (C. C. A. 3); In re David, 33 F. (2d) 748, 749 (C. C. A. 3); Coates v. Dresner, 34 F.(2d) 264, 265 (C. C. A. 3); In re Siegler, 31 F.(2d) 972, 973 (C. C. A. 2); Clark v. Milens, 28 F.(2d) 457, 458 (C. C. A. 9).

The only defense open to the bankrupt here upon the contempt proceeding was that something had occurred since the order which rendered him unable to obey it. Oriel v. Russell, supra. He made no such defense. He contented himself with denying that he had had possession or control of the property either before or after the turnover order and asserting that it was therefore impossible for him to turn over that which he had never possessed. This insistence was not relevant to the issue in the contempt proceeding. It was an indirect attempt to annul the turnover order, which may not be collaterally attacked, and which within itself constituted a prima facie case against the bankrupt in the contempt proceeding. Berkhower v. Mielzner, 29 F.(2d) 65, 66 (C. C. A. 6); Shulman v. United States, 18 F.(2d) 579, 580 (C. C. A. 6). Upon its presentation, the burden shifted to appellant to show by persuasive evidence that he was no longer in possession of the property and the circumstances under which he was deprived of its control. Oriel v. Russell, supra; Regus v. Morrison, 30 F.(2d) 685 (C. C. A. 5); Clark v. Milens, supra; In re Siegler, supra; Toplitz v. Walser, supra; Coates v. Dresner, supra.

Appellant having failed therein, there was no error in the judgment of the lower court, and it is affirmed.