## In re GOLDSTEIN.

### No. 16896.

District Court, E. D. New York.

Aug. 4, 1931.

Emanuel Morganlander, of New York City, for Louis Goldstein.

Lhowe & Obstfeld, of New York City, for trustee.

CAMPBELL, District Judge.

This matter comes before the court on a motion for an order releasing the bankrupt because of his alleged inability to comply with the order made October 29, 1930, or in the alternative for an order suspending the enforcement of the order committing the bankrupt for failure to turn over to the trustee the sum of $66,373.32 until the sentence imposed on him in the Southern district of New York is served, and for an order directing the marshal of the Eastern district of New York to turn over the body of the said Louis Goldstein to the marshal of the Southern district of New York.

The bankrupt was not imprisoned under the order herein until April 29, 1931, and

therefore has been confined but a little over three months, and has made no effort to purge himself of his contempt.

He has made no effort to comply with the order of this court, or shown where the property he was directed to turn over has gone.

The allegations contained in the petition on which this motion is based are insufficient.

The presumption of the continued possession of the property which the bankrupt was directed to turn over has not been rebutted by any evidence of any happening subsequent to the time to which the order to turn over relates, which makes obedience to such order impossible, and I am therefore constrained to find that the bankrupt has not alleged sufficient to show inability to comply with the order to turn over; on the contrary, the presumption not having been rebutted, I must presume that he is able to comply.

It is not sufficient at this time for the bankrupt to say, "I have no money and cannot comply with the order"; what he is obliged to do is to show what has become of the property, as the order directing him to turn over is a binding adjudication which cannot be attacked at this time. Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419; In re Reiss (D. C.) 34 F.(2d) 78, affirmed (C. C. A.) 34 F.(2d) 79.

No sufficient reason is shown for an order suspending the enforcement of the order committing the bankrupt until the sentence imposed on him in the Southern district of New York is served.

Conviction for concealment of assets is not in any way related to a contempt proceeding to enforce a turnover order. In re Siegler (C. C. A.) 31 F.(2d) 972; Oriel v. Russell, supra.

The motion is denied.