## In re STRAUS.

No. 21323.

District Court, E. D. New York.

June 4, 1934.

Krause, Hirsch & Levin, of New York City, for trustee.

Goldberg & Solomon, of Brooklyn, N. Y., for bankrupt.

MOSCOWITZ, District Judge.

This is a motion to punish Sam Straus, also known as Samuel Straus, respondent herein, for contempt for having willfully and deliberately failed to comply with the turnover order made by one of the referees in bankruptcy, dated August 22, 1933.

The bankrupt is presumed to be in possession of the property and books which were directed to be turned over by the referee. Under the decisions, the presumption of continued possession must be explained in order that the respondent be relieved of complying with the order. This burden the respondent has failed to meet. In re Siegler (C. C. A.) 31 F.(2d) 972.

The question of law raised herein was decided by Judge Campbell in a well-considered opinion in the case of In re Goldstein (D. C.) 52 F.(2d) 853, 854, as follows:

"The presumption of the continued possession of the property which the bankrupt was directed to turn over has not been rebutted by any evidence of any happening subsequent to the time to which the order to turn over relates, which makes obedience to such order impossible, and I am therefore constrained to find that the bankrupt has not alleged sufficient to show inability to comply with the order to turn over; on the contrary, the presumption not having been rebutted, I must presume that he is able to comply.

"It is not sufficient at this time for the bankrupt to say, 'I have no money and cannot comply with the order'; what he is obliged to do is to show what has become of the property, as the order directing him to turn over is a binding adjudication which cannot be attacked at this time. Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419; In re Reiss (D. C.) 34 F.(2d) 78, affirmed (C. C. A.) 34 F.(2d) 79."

The respondent was convicted of concealing assets, and served a sentence of two and one-half months. The service of this sentence cannot relieve him of contempt of court. Confinement of the bankrupt in jail is insufficient per se to show his inability to comply with the turnover order. In the matter of Hyman Abesbaum, 70 F.(2d) 628, decided by the Circuit Court of Appeals, Second Circuit, April 30, 1934.

892

■ The claim is made by the respondent that the turnover order is indefinite and vague. The order provides:

"A proceeding having been instituted on behalf of J. Albert Clarke, as Trustee in Bankruptcy of the above named bankrupt estate, for an order directing Sam Straus also known as Samuel Straus, the bankrupt herein, to turn over to the Trustee certain property consisting of cosmetics, drugs, drug supplies, perfumes and kindred articles or its equivalent value in cash, together with certain books and records, Now upon reading and filing the notice of motion dated the 25th day of May, 1932, the petition of J. Albert Clarke duly verified the 26th day of May, 1932, the answer of the respondent duly verified the 4th day of June, 1932, and upon all the pleadings and proceedings heretofore had herein, the testimony and exhibits therein referred to, and after hearing Krause, Hirsch & Levin, Esqs., attorneys for the Trustee by George C. Levin, Esq. of counsel, in support of said motion and after hearing Walter B. Milkman, Esq. of counsel, attorney for the respondent in opposition thereto, and due deliberation having been had and upon the opinion of this Court dated the 2nd day of August, 1933, it is

"Now, on motion of Krause, Hirsch & Levin, attorneys for the Trustee,

"Ordered that Sam Straus also known as Samuel Straus, respondent herein, be and he hereby is directed to turn over and deliver to J. Albert Clarke, as Trustee herein, within seven days after the service of a copy of this order upon his attorney, Walter B. Milkman, Esq. with notice of entry thereon, the property now in his possession or under his control, consisting of cosmetics, drugs, drug supplies, perfumes and kindred articles of the value of $52,118.27 belonging to the bankrupt estate and the following books and records, the property of the bankrupt estate:

"Sales Register Book for 1931
"Purchase Book—Prior to July 20, 1931
"Cash Disbursements Book—Prior to February 20, 1931
"Check Book—Brooklyn National Bank—January and February 1931
"Cancelled Bank Vouchers—Brooklyn National Bank—January and February 1931
"Check Books and Cancelled Vouchers—Midwood Trust Co.—1931
"Miscellaneous Purchase Bills
"Miscellaneous Customers and Creditors Ledger Sheets
"Miscellaneous Cancelled Vouchers
"Cash Sales Records

"Inventory Record—December 31, 1931
"Record of Purchases from Customers
"Petty Cash Book—1931
"Drivers' Report Sheets

"Memorandum Ledger showing summary of salaries, expenses, withdrawals, and repayments of loans."

The question of indefiniteness and vagueness has been disposed of by the Supreme Court in the case of Frank E. Cooper as Trustee, etc., v. R. F. Dasher, decided November 6, 1933, 290 U. S. 106, 54 S. Ct. 6, 78 L. Ed. 203.

It appearing that the turnover order has not been complied with, the motion to punish for contempt must be granted.

Settle order on notice.