670

## In re KLEIN.

District Court, S. D. New York.
April 24, 1937.

Feiring & Bernstein, of New York City, for trustee.

Irving Spieler, of New York City, for bankrupt.

PATTERSON, District Judge.

The motion is to punish a bankrupt for contempt in failing to obey an order to turn over money to the trustee in bankruptcy. The bankruptcy proceeding was commenced on September 11, 1933. On December 12, 1933, the referee in charge of the case issued an order finding the bankrupt to be in possession of $92,000 belonging to the bankrupt estate and ordering him to turn that sum over to the trustee in bankruptcy. The trustee was unable to serve the order on the bankrupt promptly because the bankrupt absconded. He turned up in September, 1935, and was then served. On September 16, 1935, he was sentenced to eighteen months' imprisonment for concealment of assets belonging to the bankrupt estate. He was released from prison on November 27, 1936. No part of the money was ever paid. The motion to punish for contempt was served on the bankrupt on April 12, 1937.

In response to the motion, the bankrupt submitted an affidavit to the effect that he had never concealed $92,000; that about one-half of that amount had been used by him in the business prior to bankruptcy, and that the remainder had been used for living expenses over a period of two years; that at present he is without funds and has not the ability to obey the order.

The order of December 12, 1933, settled two propositions: First, that the bankrupt had withheld from the trustee $92,000; second, that he then had the ability to turn the $92,000 over to the trustee. Neither of these two propositions may be litigated again between the bankrupt and the trustee. Since Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419, it has been the rule that on motion to compel a respondent to obey a turnover order, the merits of the order will not be reexamined. The order conclusively establishes the withholding by the respondent and his then ability to comply. The only evidence that can be considered on such a motion is evidence of something happening since the time of the order that creates an inability to obey.

The bankrupt's story that he never withheld one-half of the $92,000 is in the teeth of the rule and cannot be con-

sidered. His explanation that the balance was used up in living expenses while he was a fugitive is an effort to build up an inability arising after the turnover order was made and comes closer to meeting the only issue still open. But that explanation on its face goes to only one-half the money involved, leaving an ability to pay $46,000; moreover, the statement that $46,000 was squandered on living expenses in less than two years, without any details given, is wholly unconvincing. The imprisonment on the criminal charge has no bearing on this proceeding. In re Siegler, 31 F.(2d) 972 (C.C.A.2); In re Abesbaum, 70 F.(2d) 628 (C.C.A.2).

The respondent is in contempt for willful disobedience of the turnover order and will be committed.