In re ARCTIC LEATHER GARMENT CO., Inc.

District Court, S. D. New York.
Jan. 26, 1939.

Benjamin Siegel, of New York City, for Trustee.

Max Rothenberg, of New York City (David Haar, of New York City, of counsel), for respondent Abraham Berger.

## MANDELBAUM, District Judge.

The Trustee in Bankruptcy moves for confirmation of the report of the Special Master and for an order punishing the respondent, Abraham Berger, for contempt of court in failing and refusing to comply with an order of this court dated December 4th, 1936.

The order which it is claimed has been violated is directed against the respondent, Abraham Berger, and one Morris Sussman jointly, both officers of the debtor corporation. It arose out of a proceeding instituted by the Trustee in Bankruptcy to compel them to turn over to the Trustee certain specified books of the corporation. Berger contested the proceeding, whereas Sussman defaulted in appearance (the reason therefor is presently immaterial). The proceeding resulted in the order of December 4th, 1936 against both Berger and Sussman, adjudicating that on that date they were in possession or control of certain books and records designated as items 1, 2, 3, 4, 5, and 7, and of their ability to comply. Berger appealed to the Circuit Court of Appeals, 2 Cir., 89 F.2d 871, which reversed and modified the said order in part and affirmed in all other respects. The said order as modified adjudicated that both Berger and Sussman were in possession or control of items 1, 2 and 3 (reversed as to items 5 and 7) on December 4th, 1936.

In the month of January, 1937, Sussman delivered to the attorney for the Trustee a book which is conceded to be item 7. Thereafter, this motion was made to punish Berger for contempt in failing to comply with the order of December 4th, 1936. Berger, in opposing the motion, claimed that the production of item 7 relieves him from complying with items 1 and 2 (see provisions of the order of December 4th, 1936). He further contended that the production of item 3 was unnecessary in that the information alleged to be therein contained could be obtained from other records in the possession of the Trustee; and, finally, that the order of December 4th, 1936 which is directed against him and Sussman jointly could not operate severally as against him alone.

The court held the motion proper in abeyance and referred the following issues to a Referee in Bankruptcy as Special Master to hear and report:

"1. Whether or not the delivery of Item 7 by Sussman to the Trustee obviates the necessity of delivering Items 1 and 2.

"2. With respect to Item 3 (shipping books showing all merchandise shipped) whether or not the entries in the shipping book which the Trustee claims to be missing are contained in other records in possession of the Trustee, and whether or not the respondent should be relieved therefore of delivering Item 3.

"3. Whether or not the order of December 4th, 1936, which is directed against the respondents, Abraham Berger and Morris Sussman may operate severally as against Abraham Berger".

The Special Master in his report reached the following conclusions:

"After a careful analysis of the testimony and evidence offered upon the hearings, I find and report on the issues submitted as follows:

"1. That the delivery of Item 7 by Sussman to the Trustee does not obviate the necessity of delivering Items 1 and 2.

"2. That with respect to Item 3 (shipping books showing all merchandise shipped) that the entries in the shipping books which the Trustee claims to be missing are not contained in other records in the possession of the Trustee and the respondent should not be relieved of delivering item 3.

"3. That the order of December 4th, 1936, which is directed against the respondents, Abraham Berger and Morris Sussman, may operate severally as against Abraham Berger".

It must be determined, first and foremost, whether the order of December 4th, 1936 may operate severally as against the respondent herein. If it cannot so operate, then a consideration of the other questions raised becomes unnecessary.

On this phase of the proceeding, Berger strenuously urges that this order cannot be enforced against him alone without Sussman, since the order has adjudicated that both he and Sussman were in joint control of the books; that by permit-

ting Sussman to testify as to what he did with the books or observed with respect to them prior to December 4th, 1936, the Special Master violated the principles enunciated in the leading case of Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419. Both sides are in agreement that since the Oriel Case, the Court in passing upon a motion to punish for contempt cannot delve into the turnover proceeding de novo, but can only consider evidence which the respondent may offer which tends to show his inability to comply with the order because of something which has occurred subsequent to the entry thereof. In re Klein, D.C., 19 F.Supp. 670. So that, the only defense open to the respondent upon a contempt proceeding is to show by persuasive evidence that something occurred since the entry of the turnover order which renders him unable to obey it. He must show that he was no longer in possession of the property, and the circumstances under which he was deprived of its control. Sarkes v. Wells, 6 Cir., 37 F.2d 339.

■■ Since the trustee is not seeking to punish Sussman for contempt, his (Sussman's) testimony as to what occurred prior to December 4th, 1936 is not violative of Oriel v. Russell, supra. Such testimony may be treated as mere surplusage because the order of December 4th, 1936 has already adjudicated that both Berger and Sussman had possession or control of the books. There was therefore no need to prove that Berger was in possession or control prior to that date. At the original turnover proceeding, Berger expressed doubt as to the existence of the records sought. On this motion, Berger has continued to adhere to the same position he previously took. Clearly then, under Oriel v. Russell, supra, he cannot do so. He has not met the burden of showing what *he* did with the books and records subsequent to December 4th, 1936. The case of Coates v. Dresner, 3 Cir., 34 F.2d 264, which he urges in support of his theory, is of no assistance to the respondent. As I read that case, the Appellate Court found as a fact that Dresner was unable to comply since it was possible that Schwartz named jointly in the turnover order had possession of the book. The court there stated at page 265:

"On this appeal the trustee assigned error generally in the court's refusal to commit Dresner for contempt and particularly 'in holding that an order against two re-

spondents to turn over an inventory book could not be enforced against' one of them.

"We do not understand that the learned trial judge laid down or acted upon such a rule, and even if he did, we find no occasion to review its theory or determine its correctness, for the true question raised and decided—one purely of fact—was whether Dresner had purged himself of contempt by explaining why, so far as he was concerned, he did not obey the referee's turnover order. The referee did not find that Dresner or Schwartz, individually, had possession or control of the book, but merely ordered that they produce and deliver it. *Admittedly, the order to turn over was an adjudication that on the date of its entry both had either possession or control of the book. It was conclusive of that fact; and so it stood, not to be reviewed or reversed in any subsequent proceeding for contempt.*

"Oriel, Confino & Co. v. Russell, Trustee, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. [419], [13 Am.B.R.,N.S., 121]; Toplitz v. Walser [3 Cir.] 27 F.2d 196 [12 Am.B.R., N.S., 374]." [Citing other cases].

" * * * But one of the respondents acting alone might conceivably be rendered unable by the other to produce it alone and in that situation *he should not be punished for what he now cannot do.*" (Italics by the court)

Here, Berger has not attempted to show that he divested himself of the books since December 4th, 1936 or that Sussman had or now has them. Such testimony, if believed, might conceivably result in a finding similar to the one in Coates v. Dresner, supra. He has continued to adhere to his original position that the records were nonexistent. His reliance therefore on the cases of Oriel v. Russell, supra, and Coates v. Dresner, supra, is clearly inconsistent with the position which he has taken.

■■ It must be borne in mind that the Trustee in Bankruptcy is the sole judge of the manner and method he will employ to carry out the duties imposed upon him by law (subject to review by the court). At bar, the Trustee has elected to proceed against Berger alone. Neither is his sincerity in so doing nor are his motives in issue. I suppose it is his belief that only Berger can comply. The court cannot compel him to proceed similarly against Sussman, unless as a matter of law the order is unenforceable as against Berger alone. I am of the opinion that the

Special Master was correct in finding that the order of December 4th, 1936 may operate severally as against Berger.

In further defense to this motion to punish for contempt, the respondent has contended that the production of item 7 obviates the necessity of producing items 1 and 2; that the production of item 3 is unnecessary because the information sought is to be found among other records in the possession of the Trustee. I have carefully examined the testimony and believe that the Special Master's findings which are adverse to the respondent are supported by the evidence. I hold Berger not to be relieved from producing items 1, 2 and 3.

The motion to confirm the report is granted in all respects, and the motion which the court has heretofore held in abeyance to punish the respondent, Berger, for contempt is granted.