**In re ARCTIC LEATHER GARMENT CO., Inc.**

**No. 402.**

Circuit Court of Appeals, Second Circuit.

July 26, 1939.

Max Rothenberg, of New York City (David Haar, of New York City, of counsel), for appellant.

Benjamin Siegel, of New York City (Benjamin Brownstein, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Arctic Leather Garment Co., Inc., filed a proceeding for reorganization under section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207. In due course an order of liquidation as in bankruptcy was made and a trustee appointed. An order was made on December 4, 1936, directing Berger and Sussman, officers of the debtor, to turn over to the trustee five books. On Berger's appeal the order was affirmed as to three books and reversed as to two. 2 Cir., 89 F.2d 871. The three books not having been produced, the trustee moved that Berger be punished for contempt. He was satisfied by this time that Berger alone was withholding the books, and he did nothing toward enforcing the order against Sussman. Berger objected that the order was a joint one against him and Sussman and could not be enforced against him alone. While he made other points in opposition to the contempt proceeding, they were plainly of no merit and need not be considered. The district judge sent the matter to a special master. The special master took testimony. Sussman testified that Berger had taken away the books prior to the reorganization proceeding. The testimony of another witness tended to corroborate him. On the other hand, Berger testified that no such books had ever been kept by the debtor. The special master reported that Berger had the missing books and that Sussman did not have any of them. The district judge confirmed the report and made the order appealed from, adjudging Berger in contempt for disobedience of the turnover order and directing that he be committed until he should purge himself.

The appellant insists that where an order to turn over property belonging to a bankrupt estate has been made in favor of a trustee in bankruptcy against two

100

persons jointly, proceedings to enforce such order may not be instituted against only one. Coates v. Dresner, 3 Cir., 34 F. 2d 264, is relied on as a decision to that effect. As we read the case, it does not stand for any such proposition. In the Coates case an order to turn over a book ran against Dresner and Schwartz. The trustee commenced contempt proceedings against Dresner alone. Dresner appeared and claimed that he had no possession or control of the book and so could not obey the order. The district judge credited this testimony and dismissed the proceeding. On appeal the court said that the order against Dresner and Schwartz to turn over the book was a conclusive adjudication that the two men together had the book, but was not an adjudication that Dresner alone had it. It was held that in a subsequent proceeding to enforce the order against Dresner alone, he might be heard to say that he had had possession or control of the book at no time since the order to turn over was made, and that if the district court believed him the appellate court could not reverse on a record that did not include the evidence in the district court. In the present case the situation is quite different, for the district judge has refused to believe Berger's testimony.

 Where an order to turn over books or other property of a bankrupt estate has been made against two persons and has not been obeyed, the trustee in bankruptcy generally moves that both be punished for contempt. That was the situation in Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419. But we are of opinion that a proceeding for contempt may properly be brought against either one alone. Perhaps the trustee in such a proceeding might not be able to rely on the turn over order as conclusive proof that the person proceeded against had the ability at the time of the turnover order to produce the property without the assistance of the other. That point we need not decide. Here the trustee went forward and gave evidence that tended strongly to show that the person proceeded against, Berger, was the one who had taken the books and who presumably still had them. We fail to see why such evidence, tendered by the trustee, was not admissible against Berger, even if it did exculpate Sussman, his companion in the turnover order, and to that extent tend to contradict the findings implicit in the turnover order. The trustee on newly discovered evidence might have had the order modified so as to relieve a party against whom the order should not properly have operated in the first instance, and might thereafter have enforced the modified order against one who remained subject to it. The substantial rights of the appellant have not been hurt by the fact that the trustee did not take these successive steps but moved directly to have the order enforced against the appellant alone. The appellant was given full opportunity to be heard. But he merely repeated the old story, that no such property had ever existed, and on that issue the turnover order was of course a binding adjudication against him. Oriel v. Russell, supra.

Affirmed.