### FINKELSTEIN v. TANZER et al.
### No. 267.

Circuit Court of Appeals, Second Circuit.
May 5, 1941.

Feldman & Barrett, of New York City (Maxwell Barrett, of New York City, of counsel), for appellants.

Benjamin Siegel, of New York City (Benjamin Brownstein, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order in bankruptcy in the usual "turn over" proceeding. The respondents were the three officers and directors of the bankrupt company and its only shareholders; they had full charge of its affairs. The case against them was made from the corporate books and for its validity presupposed that between January 1, 1939, and October 28th, 1939, the bankrupt had not sold below cost; if this was true, the respondents had not accounted for more than $10,000 of mer-

chandise. For that reason sales below cost were the only issue litigated; and the respondents now argue, as they did in the District Court and before the referee, that they proved that their sales had been enough below cost to account for the deficiency. The trustee conceded that he could not from the books prove that issue, because they did not show the yardage which had gone into the garments made and sold. For that reason he relied (1) upon the presumption of § 21(*l*), 11 U.S.C.A. § 44(1) of the Bankruptcy Act; (2) an admission of Nathan Tanzer, the president of the bankrupt upon his examination under § 21, sub. a, that he had never sold below cost; (3) a document obtained by the trustee's accountant from Tanzer of the bankrupt's operations which showed that it had sold at a profit of about 20%. The only one of the respondents to take the stand was Nathan Tanzer who swore that he had sold at a loss, and who called in confirmation three supposedly disinterested merchants in the same goods—men's and boys' clothing—to swear to the yardage necessary to make up the number of garments sold. Their estimates were not in accord with each other and did not satisfy the referee. A fourth merchant called by the trustee was discredited as he told a different story from what he had told to the trustee in preparation for trial. The referee in a careful report found that the bankrupt had not sold below cost and charged the respondents with the deficiency.

 It would be absurd to say that on any theory the respondents have shown that the referee's findings were "clearly erroneous"; indeed they are clearly right if the respondents had the burden of proof. The case is of the common sort; bankrupts making away with their assets on the verge of bankruptcy; we should hardly have thought that it deserved an opinion except for the fact that § 21, sub. *l*, is involved. That section declares that when in a proceeding like this the bankrupt's books do not disclose the "cost to him of * * * property sold by him during any period under consideration, it shall be presumed, until the contrary shall appear, that such property was sold at a price not less than the cost thereof to him." First, we hold that the word, "bankrupt," as here used, includes individuals who, like the respondents, have complete control of a corporate bankrupt's business. Second, we hold that

the phrase "presumed until the contrary shall appear" is more than the usual presumption whose office is over as soon as the other party has put in substantial evidence; that it imposed upon the bankrupt the burden of proving that its sales were below cost. Even so, the respondents deny that it imposed that burden here because they say that their books contained the cost of all the raw materials which went into the garments which they sold, and all amounts paid for labor. We think that this was not enough; when the section speaks of the books as not disclosing "the cost to him of such property sold by him," it means that from them it shall be possible to learn the cost of the property actually sold. The bankrupt at bar did not sell the materials which it bought or the labor it paid for; it sold garments made out of those materials by that labor. The section means that the books must contain enough to show what the garments themselves cost and it was necessary for that that they should show how much material and how much labor went into each garment. There is indeed no penalty for not keeping such books, but if a bankrupt fails to keep them he must prove that he sold below cost and how much below cost.

 Since the respondents denied possession at any time of the property in question, they do not have the benefit of the doctrine of Danish v. Sofranski, 2 Cir., 93 F.2d 424.

Order affirmed.