**In re EISENBERG et al.**

**No. 20443.**

District Court, E. D. Pennsylvania.

Dec. 23, 1941.

For prior opinion, see 41 F.Supp. 482.

Joseph A. Keough (of Levi, Mandel & Miller), of Philadelphia, Pa., for plaintiffs.

Wexler & Weisman, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

I fully covered the facts in my original opinion (D.C., 41 F.Supp. 482) wherein I reversed the referee and entered an order on the bankrupts. Upon reargument counsel for the bankrupts strenuously argued that before the order on the bankrupts can be made, the bankrupts' ability to comply must be found as a fact by the referee and that the court itself cannot do so from the record.

In my opinion, I found as a fact that the assets or their proceeds were in their possession at the time of the bankruptcy. Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419, which cites with approval the following cases: Toplitz v. Walser, 3 Cir., 27 F.2d 196; Epstein v. Steinfeld, 3 Cir., 210 F. 236; Schmid v. Rosenthal, 3 Cir., 230 F. 818; Frederick v. Silverman, 3 Cir., 250 F. 75; Reardon v. Pensoneau, 8 Cir., 18 F.2d 244; United States ex rel. Paleais v. Moore, 2 Cir., 294 F. 852; In re Frankel, D. C., 184 F. 539; Drakeford v. Adams, 98 Ga. 722, 25 S.E. 833; Collier, Bankruptcy, 652 (Gilbert's Ed.1927). Having established this fact, the assets are presumed to remain in the bankrupts' possession or under their control until they satisfactorily account for their disposition or disappearance. Good v. Kane, 8 Cir., 211 F. 956; In re Chavkin, 2 Cir., 249 F. 342; In re Fisher, D.C., 32 F. Supp. 69.

At the hearing before the referee, the bankrupts denied they had the assets in their possession and the court by its order found this denial to be of no avail. Obviously, no purpose can be served in referring the matter back to the referee for a reiteration of the denial. In addition, the bankrupts testified as to their financial condition at the hearing before the referee, obviating the necessity for further testimony on that score.

The problem of the trustee's obligation to establish possession at the time of the order has been recently considered in a number of cases in the Second Circuit with considerable care. Judge Learned Hand in a thorough opinion in Danish v. Sofranski, 93 F.2d 424, page 426, makes the following observation:

"Again—and this is by far the most common situation—the respondent may steadfastly deny that he has ever received any of the property at all. Sometimes he does this upon the proceeding to punish him for contempt. That is necessarily an unsuccessful excuse, because it disputes the finding in the summary order, which since Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419, is an estoppel. It is uniformly held that in this situation he stands charged and must explain how he disposed of it. In re Stavrahn [2 Cir.] 174 F. 330, 20 Ann. Cas. 888; In re Graning [2 Cir.] 229 F. 370, Ann.Cas.1917B, 1094; In re Siegler [2 Cir.] 31 F.2d 972; Sarkes v. Wells [6 Cir.] 37 F.2d 339. At other times in the summary proceeding itself, the respondent either denies having ever received the property or refuses to give any explanation; and then too the trustee need not prove his ability to comply; the burden of explanation is the respondent's. In re Levy & Co. [2 Cir.] 142 F. 442; In re Weinreb [2 Cir.] 146 F. 243; In re Chavkin [2 Cir.] 249 F. 342; Dittmar v. Michelson [3 Cir.] 281 F. 116; In re Magen Co. [2 Cir.] 10 F.2d 91; In re Cohan [3 Cir.] 41 F.2d 632; In re Steinreich Associates [2 Cir.] 83 F.2d 254. The ground for this has never been stated, but a valid explanation is that, as the supposed excuse would contradict his denial, it may be assumed that he would not make it; and that his refusal to answer, when he so refuses, may be assumed to continue. Logically no doubt there is still a hiatus, but the respondent may be said to have removed the issue from the case.

"But when the respondent acknowledges receiving the property, and it is of a kind that he would be likely to dissipate—money or saleable goods—there is no reason why the trustee should not prove how much remains within the respondent's control. In such cases the trustee must make out his case upon this issue just as he must upon the original taking. In re Schoenberg [2 Cir.] 70 F.2d 321; In re J. L. Marks & Co. [7 Cir.] 85 F.2d 392. * * *"

In the case of In re Pinsky-Lapin & Co., 98 F.2d 776, page 780, the same circuit made this comment: "In Danish v. Sofranski, 2 Cir., 93 F.2d 424, the distinction is made between a complete denial by a respondent that he has ever received property of a bankrupt and an acknowledgment that he has received the property, where in each instance he has failed to account for its disposal. It is said that in the former situation the trustee need not prove the ability of the respondent to comply with a 'turnover' order but that in the latter he must. It seems to us that such distinction cannot determine whether a 'turnover' order should issue. Where he denies receiving, but the court finds that he did receive, we think that the result is legally the same as where he concedes possession. In each case there is ex hypothesi a finding of possession, in one based on an admission, in the other based on proof so compelling that the denial is of no avail. In each situation we think there is the same burden upon the trustee to prove possession at the time of the making of the 'turnover' order. The result is determined either by evidence of possession at the time of the order or by the strength of the inference of continued possession, once possession is conceded or found to exist at the time of adjudication. The strength of the inference depends on the circumstances, which include the amount and nature of the property, the time which has elapsed, and the credibility of any explanation which the respondent may give. A distinction between the burden imposed on the trustee in cases where misappropriation by a respondent is admitted, and in cases where it is found to exist in spite of his denial, is a strong inducement to a fraudulent respondent to choose the former alternative. It is bound to become a favorite method of avoiding 'turnover' orders in cases which do not differ essentially from those of unqualified denials of receiving except in the favorable result to the guilty party."

However, Judge Learned Hand in a concurring opinion reiterated the distinction he made in Danish v. Sofranski, supra, and pointed out that the comment on that case in Re Pinsky-Lapin & Co., supra, was obiter. When the question recently came up in the same circuit in Finkelstein v. Tanzer, 1941, 119 F.2d 634, page 636, the court said: "Since the respondents denied possession at any time of the property in question, they do not have the benefit of the doctrine of Danish v. Sofranski, 2 Cir., 93 F.2d 424."

Whatever view one takes of it, the conclusion must be that the finding of continued possession at the time of the order is inherent in the making of the "turnover" order in the face of the denial of possession by the bankrupts.

Accordingly, the order made in my opinion of September 29, 1941, is reaffirmed, and the petition for vacation of the turnover order is denied.